# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DAUNTÉ PETERSEN,

    Plaintiff,

v.                                          Case No. 3:24-cv-1252-MMH-PDB

FRANCES ANN DOCTOR,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff, Daunté Petersen, proceeding pro se, initiated this action on November 8, 2024, by filing a Petition in the Circuit Court of Duval County, Florida. See Petition (Doc. 6; Complaint). Though the Complaint was difficult to understand, Petersen appeared to bring both state law and federal claims against Defendant, Frances Ann Doctor. See id. Doctor timely removed the action to this Court. See Defendant Frances Ann Doctor's Notice of and Petition for Removal (Doc. 1; Notice), filed on December 2, 2024; see also 28 U.S.C. § 1446. In the Notice, Doctor contends the Court has original jurisdiction over this action under 28 U.S.C. § 1331, which grants district courts original jurisdiction over actions arising under federal law.

On December 26, 2024, Petersen filed an amended complaint as a matter of right. See Amended Complaint for Restitution and Damages (Doc. 12; Amended Complaint); see also Fed. R. Civ. P. 15(a). In the Amended Complaint, Petersen brings only state law claims. Amended Complaint at 3–4. He no longer asserts any violations of federal law, and nothing in the Amended Complaint or Notice suggests that the parties are of diverse citizenship. See id. ¶¶ 1, 2; see generally Notice.[1] In light of the Supreme Court's decision in Royal Canin U. S. A., Inc., v. Wullschleger, No. 23-677, 2025 WL 96212, at *3 (U.S. Jan. 15, 2025) (to be published) (holding that when an action is removed to federal court on federal-question jurisdiction and the court exercises supplemental jurisdiction over related state law claims, the court must remand the action if a subsequent amendment to the complaint drops all federal claims), this Court no longer has the authority to exercise supplemental jurisdiction over Petersen's state law claims. Given the record before the Court, this action is due to be remanded.

---

[1] In the Amended Complaint, Petersen identifies only the residence of the parties, which alone is not determinative of citizenship. But Doctor failed to invoke the Court's diversity jurisdiction and provides no basis for the Court to exercise diversity jurisdiction.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is directed to **remand** this case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that Court.

2. The Clerk of the Court is further directed to **close** the file and **terminate** any remaining motions and deadlines as moot.

**DONE AND ORDERED** in Jacksonville, Florida, this 22nd day of January, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record
Clerk, Fourth Judicial Circuit