UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAUNTÉ PETERSEN,

    Plaintiff,

v.      Case No. 3:24-cv-1252-MMH-PDB

FRANCES ANN DOCTOR,

    Defendant.

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On December 26, 2024, Plaintiff, Daunté Petersen, proceeding pro se, filed an amended complaint in this action as a matter of right. See Amended Complaint for Restitution and Damages (Doc. 12; First Amended Complaint); see also Fed. R. Civ. P. 15(a). On January 21, 2025, Petersen filed a second amended complaint. See Amended Complaint for Restitution and Damages (Doc. 17; Attempted Second Amended Complaint). Because Petersen filed the Attempted Second Amended Complaint in hardcopy, the Attempted Second Amended Complaint was not entered onto the Court's electronic docketing system until the next day, January 22, 2025, at around 4 PM. Prior to that, the Court had entered an Order remanding this action to Circuit Court for the Fourth Judicial Circuit in and for Duval County,

Florida. See Order (Doc. 16; Remand Order), entered on January 22, 2025. The Court enters this Order to clarify for the parties and the Fourth Judicial Circuit what document was the operative pleading in this action at the time of remand.

Rule 15(a), Federal Rules of Civil Procedure (Rule(s)), provides in relevant part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Under Rule 15(a), because Petersen already filed the First Amended Complaint as a matter of right, to amend his complaint a second time, he was required to obtain the consent of Defendant, Frances Ann Doctor, or leave of Court. Rule 7(b) requires parties requesting Court action to do so by filing a motion. See Fed. R. Civ. P. 7(b). Because Peterson neither advised that Doctor consented to the filing of the Attempted Second Amended Complaint nor filed a motion for leave to amend, the Attempted Second Amended Complaint is not properly before the Court and would be due to be stricken from the record if the case were not already ordered remanded. As such, the First Amended Complaint

remains the operative pleading in this action. The Court notes that if Petersen wishes to amend his complaint a second time, he must comply with the applicable rules and law in the Circuit Court for the Fourth Judicial Circuit.[1]

Accordingly, it is

**ORDERED:**

The Clerk of the Court is directed to transmit a certified copy of this Order to the clerk of the Fourth Judicial Circuit, in and for Duval County, Florida.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of January, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

---

[1] The Court remanded this action because, in the First Amended Complaint, Petersen asserts only state law claims and, as such, the Court no longer has authority to exercise supplemental jurisdiction over this action. See Remand Order. The Court notes that this result would not have changed had the Attempted Second Amended Complaint been docketed before the Court entered the Remand Order, as Petersen likewise brings only state law claims in the Attempted Second Amended Complaint.

lc33

Copies to:
Pro Se Party
Counsel of Record
Clerk, Fourth Judicial Circuit